UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

    Plaintiff,

    v.

C/O TOBEN,

    Defendant.

CAUSE NO. 3:19CV1008-PPS/MGG

OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, alleges that, while confined at the Indiana State Prison on a parole hold, Correctional Officer Toben failed to protect him from an assault by another inmate. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Here's what Doolin's complaint alleges. On July 18, 2019, another inmate punched Doolin in the face in front of Officer Toben. The inmate ran away, but he returned with a knife or shank and told Doolin he would "butcher" him. Doolin swung at the inmate to protect himself. The inmate ran away again, but he snuck back and punched Doolin again later. The inmate indicated that the attack was a paid hit arranged by staff. Doolin

contends that Officer Toben had an obligation to take action after the first punch, and if he had done so, Doolin would not have been attacked again later and would not have been written up for fighting as a result of defending himself.

At the time of the incident, Doolin was incarcerated on a parole hold. When an inmate is attacked by another inmate, the Eighth Amendment[1] is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). Doolin alleges that Officer Toben saw an offender attack him and took no action to separate them, leading to another attack shortly thereafter. Giving Doolin the benefit of the inferences to which he is entitled at this stage, I will allow Doolin to proceed against Officer Toben for failure to protect him from an attack by an offender on July 18, 2019.

Doolin also alleges that he was subject to a sanctionable write up as a result of his need to defend himself from the attack that Officer Toben should have prevented. It is

---

[1] Doolin was a parolee, but it appears that he also had criminal charges pending against him. To the extent that his claim is governed by the Fourteenth Amendment rather than the Eighth Amendment, it does not alter the outcome of this case. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating the plaintiff as a pretrial detainee despite his parole hold).

2

unclear if Doolin was found guilty of an offense, and, if so, what offense. It is also unclear what sanctions, if any, were imposed upon Doolin. To the extent that he was found guilty of an offense and sanctioned with a loss of credit time, he cannot seek damages for a violation of the Due Process Clause if a finding in his favor here would imply the invalidity of that conviction. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted). Here, Doolin has not alleged facts that suggest he can proceed on a claim for damages for an alleged violation of his Due Process rights at this time.

Lastly, Doolin asks to be transferred to another prison. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Here, the facts presented here do not warrant an intrusion upon that discretion.

ACCORDINGLY, the court:

(1) GRANTS Dwayne Doolin leave to proceed against Correctional Officer Toben in his individual capacity for nominal, compensatory, and punitive damages, for failing

3

to protect him from an inmate attack on July 18, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Toben at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant if he does not waive service and it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Correctional Officer Toben respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 26, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

4